IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ARTHUR E. DAY                                                                                     PLAINTIFF

v.                                    Civil No. 3:24-cv-03047-TLB-CDC

DARRELL ELKIN; JIM HENRY; and
CINDY WILLCUTT                                                                                 DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  The case is before the Court on Plaintiff's failure to obey the orders of the Court.

### I.  DISCUSSION

On September 11, 2025, Defendant Elkin filed a Motion for Summary Judgment (ECF No. 30).  The Court entered an Order directing Plaintiff to file a response to this Motion by October 2, 2025.  *See* ECF No. 33.  Then, on September 26, 2025, Defendants Henry and Willcutt filed a Motion for Summary Judgment (ECF No. 34).  The Court similarly entered an Order directing Plaintiff to file a response to this Motion by October 17, 2025.  *See* ECF No. 37.  After Plaintiff missed both of these deadlines, the Court entered another Order directing Plaintiff to show cause why he failed to obey the previous Orders, and imposing a deadline of November 10, 2025 for Plaintiff's show-cause response.  *See* ECF No. 38.

On November 7, 2025, Plaintiff filed a Response to the show-cause Order, explaining that he never received the summary judgment materials that were previously filed in this matter.  *See*

1

ECF No. 39. Accordingly, the Court extended Plaintiff's deadline to file response to Defendants' Motions for Summary Judgment to December 15, 2025, and warned that no further extensions of this deadline will be granted. The Court also noted that the return address on the envelope in which he mailed his Response was different from the address for him that was on the docket. Therefore, the Court directed the Clerk to update Plaintiff's mailing address to what the Court understood Plaintiff's new address to be, and to mail copies of all the summary judgment materials in this matter to Plaintiff at his new address. None of these mailings were ever returned as undeliverable. But Plaintiff still never filed any response to Defendants' Motions for Summary Judgment.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently. Therefore, Plaintiff's case should be dismissed for failure to comply with the Court's Local Rules and orders and for failure to prosecute this case.

The only remaining question is whether the dismissal should be with or without prejudice. A dismissal under Rule 41(b) operates as an adjudication on the merits unless otherwise specified. Fed. R. Civ. P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986). "At the same time, however, 'dismissal with prejudice under Rule 41(b) is a drastic sanction which should be exercised sparingly.'" *Id.* (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)). "The district court's exercise of this power is within the permissible range of its discretion if there has

been a clear record of delay or contumacious conduct by the plaintiff." *Id.* (internal citation and quotations omitted). In considering a Rule 41(b) dismissal, the Court must balance "the degree of egregious conduct which prompted the order of dismissal and to a lesser extent . . . the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In reviewing a dismissal with prejudice, the Eighth Circuit considers "whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court." *Id.* "However, the district court need not have found that [the plaintiff] acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily." *Id.*

None of the Court's Orders have been returned as undeliverable, suggesting that Plaintiff has received these Orders and has simply decided not to respond to them. Further, the Court notes that Plaintiff never complied with his obligation to keep this Court apprised of any changes in his address. Finally, the Court recognizes that Defendants have expended resources conducting discovery and preparing their Motions for Summary Judgment. On this record, therefore, the undersigned finds that Plaintiff's failure to comply with court orders was intentional, as opposed to accidental or involuntary, and that his failure to respond to multiple court orders, combined with the resources expended by the Defendants (and by this Court), warrant this case being dismissed with prejudice.

## II. CONCLUSION

Accordingly, it is recommended that this case be **DISMISSED WITH PREJUDICE** based on Plaintiff's failure to prosecute this case and his failure to obey the orders of the Court.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **12th day of January 2026**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE